UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARIEH GILDOR

                            Plaintiff,

   -against-                                       1:04-CV-1320
                                                             (LEK/ DRH)

UNITED STATES POSTAL SERVICE,

                            Defendant.

## MEMORANDUM-DECISION AND ORDER[1]

Currently before the court is the Motion for reconsideration of the Court's Memorandum-Decision and Order of April 27, 2007 ("April Order"), filed by Defendant United States Postal Service ("Defendant" or "USPS").  See Gildor v. U.S. Postal Serv., 491 F. Supp. 2d 305 (N.D.N.Y. 2007) (Kahn, D.J.); Motion for Reconsideration (Dkt. No. 59).

## I.  Background

This case originated with a package of two rings which Plaintiff Arieh Gildor's ("Plaintiff" or "Gildor") sought to ship to France, via Defendant's Global Express Mail service.  See 491 F. Supp. 2d at 306.  Plaintiff purchased $5,000 of insurance for the package from Defendant, upon the assurance of Defendant's employee that the rings could properly be mailed and insured.  Id.  The package was eventually returned to Plaintiff, with its contents missing.  Id.  Defendant refused to indemnify Plaintiff for his loss, on the grounds that postal regulations and the International Mail Manual prohibited the mailing of jewelry.  Id.  After the suit had been filed, Defendant made an

---

[1] For printed publication by the Federal Reporters.

offer of settlement in the amount of $5,500, which equaled the amount of the original insurance contract, plus Plaintiff's court fees. Id. at 307. Plaintiff rejected the offer. Defendant then argued that the offer would have given Plaintiff all the benefits of litigation victory, so his failure to accept the offer makes his contract claim moot. Id.

In the April Order, this Court found that Plaintiff's claim was not mooted because with a litigation victory, Plaintiff could receive prejudgment interest, in addition to the contract payment and court fees. Id. at 308. The Order did not address whether it would be possible for Plaintiff to receive punitive damages or litigation expenses. Defendant urges the Court to reconsider its decision with regard to pre-judgment interest and determine, as well, that Plaintiff is not entitled to punitive damages or litigation expenses. Deft's Mem. of Law (Dkt. No. 59, Attach. 1) at 5-9.

## II. Discussion

A.   Issue of Prejudgment Interest

Defendant argues that the Court's conclusion, described in the April Order, that prejudgment interest could be levied against USPS on the facts of this case constitutes a clear error of law. Deft's Mem. of Law (Dkt. No. 59, Attach. 1) at 1-3; Deft's Reply (Dkt. No. 61) at 2. The April Order described that "[p]rejudgment interest is recoverable against USPS, if the substantive law governing the underlying claim allows such recovery." 491 F. Supp. 2d at 308 (citing Loeffler v. Frank, 486 U.S. 549, 557 (1988)). The Court applied New York contract law, applicable under both state and federal common law principles, to determine that prejudgment interest of nine percent per annum was obtainable. Id.

Defendant argues that the application of this law is improper because the substantive law basis for liability against the USPS is "Postal Service regulations, which do not provide for the

prejudgment interest sought by Plaintiff." Deft's Memo. of Law (Dkt. No. 59, Attach. 1) at 1. However, this argument is misguided. While Postal Regulations govern mailing, they do not govern breach of contract, which is the basis of Plaintiff's claim. The case Defendant relies upon, U.S. Postal Serv. v. Flamingo Indus., Ltd., 540 U.S. 736 (2004), does not support USPS's conclusion. That case found that, despite a waiver of sovereign immunity allowing USPS to be sued, USPS is not subject to federal antitrust laws. Id. at 748. However, there is significant precedent showing that USPS is subject to suit on contract claims. 39 U.S.C. §§ 401(1) (waiver of USPS sovereign immunity), 409(a) (granting district courts jurisdiction over suits by and against USPS); Beneficial Finance Co. of New York, Inv. v. Dallas, 571 F.2d 125, 128 (2d Cir. 1978) (noting that USPS' authority to act as an independent establishment, including the power to make contracts, comes with responsibility and liability which it cannot ignore); Benderson Dev. Co. v. U.S. Postal Serv., 998 F.2d 959, 962 (Fed. Cir. 1993) ("when the Postal Service exercises its authority to contract, it does so with the expectation that disputes arising from such contracts may be resolved...in the United States district courts"). See, e.g. Kerin v. U.S. Postal Service, 218 F.3d 185, 188 (2d Cir. 2000) (upholding judgment against USPS for breach of lease and remanding for further discussion of attorney fees).

In the April Order, the Court referenced Loeffler v. Frank to support its finding that prejudgment interest was obtainable against USPS, as incident to contractual damages. 491 F. Supp. 2d at 308 (citing Loeffler, 486 U.S. at 556-7). In Loeffler, the Supreme Court found that, besides the specific explicit limitations, Congress intended there to be no other restriction to USPS's liability to suit, including interest awards, as long as interest awards are "a normal incident to suit." 486 U.S. at 557. When contractual damages are awarded, "prejudgment interest is an element of

3

complete compensation." West Virginia v. U.S., 479 U.S. 305, 310 (1987). See also U.S. v. Seaboard Sur. Co., 817 F.2d 956 (2d Cir. 1987) ("a party 'who has suffered actual money damages by another's breach...should be fairly compensated' by entry of appropriate interest") (quoting Rodgers v. United States, 332 U.S. 371, 373 (1947)); N.Y. C.P.L.R. §5001(a) (noting that interest is recoverable on an award of contractual damages).

Because prejudgment interest awards are a normal incident of suit in breach of contract action seeking damages, Defendant's Motion for reconsideration must be denied.

B.   Issue of Punitive Damages

In the April Order, the Court did not address whether Plaintiff might be entitled to litigation expenses or punitive damages, because the finding that prejudgment interest is potentially available made such determinations irrelevant. 491 F. Supp. 2d at 308. At the parties' request, the Court now addresses these issues, which have been fully briefed.

As described above, the Court found that prejudgment interest was available against USPS because such an award is a normal incident to an award of damages for breach of contract. However, punitive damages differ from prejudgment interest in that "punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract." Barnes v. Gorman, 536 U.S. 181, 187 (2002). See also U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.("Evergreen"), 95 F.3d 153, 160 (2d Cir. 1996) (holding that "[g]enerally, punitive damages are not available for a breach of contract"); Durham Industries, Inc. v. North River Ins. Co., 673 F.2d 37, 41 (2d Cir. 1982).

Although there are some instances in which punitive damages can be awarded for breach of contract, such as when the breach shows "wanton dishonesty as to imply a criminal indifference to

4

civil obligations," such instances are neither applicable to this case nor a normal incident to a breach of contract claim. Evergreen, 95 F.3d at 160 (quoting Walker v. Sheldon, 179 N.E.2d 497 (N.Y.1961)). Accordingly, Plaintiff cannot recover punitive damages against USPS.

      C.      Issue of Litigation Expenses

Plaintiff argues that he will be entitled, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412, to recover out-of-pocket expenses incurred while litigating this case. See Deft's Mem. of Law (Dkt. No. 59, Attach. 1) at 6.; Plntf's Opp. (Dkt. No. 60) at 7.  The EAJA allows a prevailing party in litigation against the Federal Government to receive reimbursement for costs, as well as reasonable fee and expenses of attorneys.  28 U.S.C. § 2412(a),(b).  However, prevailing parties cannot collect attorneys fees and costs if the Government's position was substantially justified, or special circumstances make the award unjust.  Id. at (d)(1)(a).

In this case, litigation expenses could not be recovered against USPS because USPS' position was "substantially justified."  28 U.S.C. § 2412(d)(1)(a).  A position is substantially justified under the meaning of the EAJA if it has "a reasonable basis in both law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoted in Martin v. Sec'y of the Army, 463 F. Supp. 2d 287, 292 (N.D.N.Y. 2006) (Hurd, D.J.)). As Defendant notes, the Court's holding that affirmative misconduct is not required to estop USPS on these facts was the first such holding in the Second Circuit.  See Deft's Mem. of Law (Dkt. 59, Attach. 1) at 8; 491 F. Supp. 2d at 310-311.  Considering this change in law, USPS's position and actions were reasonable and substantially justified.

### III.   Conclusion

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for Reconsideration (Dkt. No. 59) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Defendant's Motion with respect to Plaintiff's asserted entitlement to punitive damages and litigation expenses (Dkt. No. 59) is **GRANTED**, and that Defendant's Motion with respect to the Court's previous order that Plaintiff could be entitled to prejudgment interest and denying summary judgment (Dkt. No. 59) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion to stay discovery pending resolution of the Motion for reconsideration (Dkt. No. 66) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     September 20, 2007
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge